UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHU LAM,

           Plaintiff,

   v.                                      **DECISION AND ORDER**
                                                    12-CV-686S

CONSTANCE MLACKER and
COUNTY OF CHAUTAUQUA,

           Defendants.

      1.     As noted in an Order of this Court dated July 28, 2013, pro se Plaintiff, Shu Lam, brought this action against several people and organizations involved in the custodial removal of his children. On August 30, 2012, Judge David G. Larimer dismissed all causes of action except that against Chautauqua County and Constance Mlacker, a social worker for the County. In that cause of action, Plaintiff alleges that, on April 9, 2009, Mlacker unlawfully removed his children from his home. He brings his action under 42 U.S.C. § 1983.

      2.     This Court also noted in the July 28, 2013 Order that a § 1983 action carries a three-year statute of limitations. See Okure v. Owens, 816 F.2d 45 (2d Cir. 1987). Here, Plaintiff filed his claim on July 20, 2012, over three years after the removal occurred, and Defendants raised the statute-of-limitations defense, arguing that this delay requires dismissal.[1] Plaintiff offered no response to this contention.

---

[1] There is no question that statutes of limitation apply even to pro se plaintiffs. See, e.g., Harris v. Brighthaupt, No. 3:13CV165 JCH, 2013 WL 1673113, at *2 (D. Conn. Apr. 17, 2013) ("Even pro se petitioners have the 'burden of learning the applicable procedural rules in federal court and abiding by them'"); Perez v. City of New York, No. 87 CIV. 4862 (EW), 1988 WL 7786, at *1 (S.D.N.Y. Jan. 25, 1988)

3. But, given Plaintiff's pro se status and the non-jurisdictional nature of statutes of limitation, this Court allowed Plaintiff to supplement his response by providing any reason for having missed the three-year deadline. This Court set an August 12, 2013 deadline for doing so. But Plaintiff did not submit anything.

4. Although statutes of limitation are subject to equitable tolling in "exceptional circumstance[s]," Rene v. Jablonski, No. 08-CV-3968 JFB AKT, 2009 WL 2524865, at *6 (E.D.N.Y. Aug. 17, 2009) (citing Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000), none are present here. And Plaintiff has not shown, as he must, that, despite diligent effort, he was prevented from filing in accordance with the statutory requirements. See Zerilli-Edelglass v. N.Y.C. Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003); Molnar v. Legal Sea Foods, Inc., 473 F. Supp. 2d 428 (S.D.N.Y. 2007).

5. In cases such as these, this Court must put aside "sympathy for particular litigants," see Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984), and strictly enforce the limitations period. Manley v. New York City Police Dept., No. CV-05-679(FBLB), 2005 WL 2664220, at *3 (E.D.N.Y. Oct. 19, 2005) (courts must strictly enforce statute-of-limitations deadlines even where the plaintiff is proceeding *pro se*). In fact, "[i]n the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 (2d Cir.1984).

6. Finally, while Plaintiff does make some allegations of wrongdoing that arguably could be attributed to the remaining Defendants and that occurred after the actual

---

(citing Zerman v. Ball, 735 F.2d 15, 20 (2d Cir.1984)).

removal of his children on April 9, 2009, all those allegations concern the family court proceedings, where Plaintiff lost legal custody of his children. Indeed, Plaintiff asks this Court to "reverse" the "Chautauqua County Family Court." (Compl., at 4; Docket No. 1.) But this Court lacks jurisdiction to hear such a claim. See Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 86 (2d Cir. 2005) (federal suit is barred by Rooker–Feldman doctrine if it complains of injury from a state-court judgment and seeks review and rejection of that judgment).[2] Because Plaintiff's "federal complaint centers around the loss of custody of [his] children, an injury that was caused by the Family Court's judgment, . . . Plaintiff [is] barred by the Rooker-Feldman doctrine from pursuing their claims in federal court." McLean v. City of New York, No. 04 CIV. 8353 (SAS), 2007 WL 415138, at *4 (S.D.N.Y. Feb. 6, 2007).

7. Accordingly, because Plaintiff offers no reason for the delay in bringing this action, and because he commenced it outside the applicable limitations period, it must be dismissed as untimely. Moreover, even if the remaining defendants could be implicated by Plaintiff's allegations concerning the family court proceedings, those claims are barred under Rooker-Feldman.

\*\*\*\*

IT HEREBY IS ORDERED, that Defendants' Motion to Dismiss (Docket No. 8) is GRANTED.

---

[2] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated: September 3, 2013
       Buffalo, New York

                                                  /s/William M. Skretny
                                              WILLIAM M. SKRETNY
                                                      Chief Judge
                                        United States District Court